UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                    )
                                          )
GRM INDUSTRIES, LLC,                      )         No. 23-80024
                                          )         Chapter 7
        Debtor.                           )
                                          )
ANDREW S. ERICKSON,                       )
Chapter 7 Trustee,                        )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )         Adversary No.
                                          )
A2 SALES, LLC d/b/a                       )
ALLIANCE STEEL, LLC,                      )
                                          )
        Defendant.                        )

## <u>ADVERSARY COMPLAINT</u>

NOW COMES Andrew S. Erickson, Chapter 7 Trustee, by one of his attorneys, and for his Complaint against A2 Sales, LLC d/b/a Alliance Steel, LLC (hereinafter also referred to as "Alliance Steel") respectfully states as follows:

1.      This Court has jurisdiction over this core adversary proceeding pursuant to the provisions of 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§547 and 550.

2.      Venue in this case is proper under the provisions of 28 U.S.C. §1409 (b) because this adversary case is commenced in the same Court as the underlying proceeding.

3.      The Plaintiff, Andrew S. Erickson, Chapter 7 Trustee, (hereinafter also referred to as the "Trustee") consents to the jurisdiction of this Court to enter a final judgment in this case.

4.      The Debtor, GRM Industries, LLC, filed its Voluntary Petition for Relief under

2

Chapter 7 of the United States Bankruptcy Code on January 16, 2023.

5.      The Plaintiff is the Debtor's Chapter 7 bankruptcy Trustee.

6.      At the time the Debtor filed its bankruptcy case it scheduled owning assets valued at $143,060.00 and $2,666,793.00 in liabilities.

7.      At all times relevant hereto the Debtor was insolvent.

8.      Alliance Steel is a pre-petition unsecured creditor of the Debtor.

9.      During the 90 days prior to filing bankruptcy the Debtor made two payments to Alliance Steel on pre-existing debts.

10.     A payment of $58,465.82 appears to have been made by the Debtor to Alliance Steel on October 18, 2022.

11.     A payment of $25,911.18 appears to have been made on November 7, 2022.

12.     Each of those payments were made to Alliance Steel to pay antecedent debt.

13.     Based upon information exchanged between the Trustee and Alliance Steel, Alliance Steel may be entitled to pre-petition new value credits, which if claimed by the Defendant and proven, would not exceed $75,900.80.

14.     The aforesaid payments received by the Defendant allowed the Defendant to receive a greater distribution than the Defendant would have received as a distribution on that amount in this bankruptcy case had the payments not been made.

15.     The payments made by the Debtor to the Defendant are subject to being set aside under the provisions of 11 U.S.C. §547 and preserved and recovered for the benefit of the bankruptcy estate under the provisions of 11 U.S.C. §§550 and 551.

WHEREFORE, Andrew S. Erickson, Chapter 7 Trustee, respectfully prays that:

3

1.      The aforesaid payments be set aside by the Court as preferential transfers to the Defendant under the provisions of 11 U.S.C. §547.

2.      That a judgment be entered in favor of the Plaintiff and against the Defendant in the amount of any preferential transfers less the amount of any affirmative defenses which the Defendant pleads and proves to this Court.

3.      That the Plaintiff be awarded costs of suit.


 /s/ Jeffrey D. Richardson                                    
JEFFREY D. RICHARDSON
Chapter 7 Trustee
Registration No. 02330067
132 South Water Street, Suite 444
Decatur, IL 62523
Telephone: 217/425-4082
E-mail: jdrdec@aol.com